DECISION
Mr. Accinno moves to dismiss this criminal action alleging that the State has failed to comply with the statute of limitations in this prosecution for alleged voter fraud.
This case calls upon the Court to determine when the act of voting takes place. Voting is a multi-step process wherein a voter concludes which candidate to select, marks the ballot, seals the ballot, delivers the ballot to the voting official, the voting official tallies the ballot, and the voting officials certify the results. In Rhode Island this process may take place all on one day.[1] However, that is not the method which Mr. Accinno chose to vote in the Rhode Island general election in the Fall of October, 2004.
Mr. Accinno recognized that he would be out of State in the Fall of 2004, and therefore applied for an emergency absentee ballot at the East Providence Board of Canvassers on 10/27/04. In doing so, he affirmed that he would be out of state on business on Election Day. The general election was held on November 2, 2004, pursuant to the provisions of the Constitution of the State of Rhode Island, Article IV, Section 1. The application for a mail ballot set into motion a different set of procedures pursuant to R.I.G.L. Chapter 17-20. Since he received an emergency mail ballot, he was given a ballot that day, allowed to mark the ballot, and place it into a sealed envelope. In this action, the State does not contest that all of those actions were done on October 29, 2004. In fact, the State admits in its supplemental answers to the defendant's Motion for a Bill of Particulars that
 The State admits that the defendant's affirmative act(s) that caused his voting or attempting to vote fraudulently in the November 2, 2004, statewide general election, took place on October 29, 2004.
The State filed the within action on November 1, 2005. Obviously, the case was filed just within one year of the anniversary date of the November 2, 2004 election. The action was filed after the anniversary date of Mr. Accinno's marking and sealing of the absentee ballot on October 29, 2004. Each count of the Information alleges that Mr. Accinno voted improperly on November 2, 2004. This type of prosecution has a one-year statute of limitations:
 § 17-23-11. Limitation of Prosecutions — Payment to Complainant. — All prosecutions for offenses against the provisions of this chapter shall commence within one year after the offenses have been committed and not afterwards. And upon the presentation of a certificate of the clerk of any court of the final conviction in the court of any person under the provisions of this chapter, the state controller is authorized and directed to draw his or her order on the general treasurer for the sum of $50.00, and deliver the sum to the person complainant in the prosecution.
There is no question that all of Mr. Accinno's actions in applying for and receiving the ballot as well as voting and transmitting the ballot occurred on October 27, 2004.
The State argues that the statute of limitations begins to run when the crime is complete and the crime could not be complete until the end of Election Day. It argues "crime is complete as soon as every element in the crime occurs." Pendergast v. UnitedStates, 317 U.S. 412, 418, 63 S.Ct. 268, 271, 87 L.Ed. 368
(1943). The State acknowledges that Mr. Accinno deposited his ballot at the Board of Canvassers on October 27. While the ballot had not yet been counted, there were no affirmative actions left for Mr. Accinno to take to complete the act of voting, the alleged felony. By the end of October 27, he had performed all actions necessary for the voting to be complete. Indeed, even if Mr. Accinno attempted to stop his vote from counting after that date, there appear to be no means for him to do so. The State has not proffered any means by which he could withdraw, cancel, or negate his own vote or take any other action preventing his vote from occurring. Hence, there was nothing left for Mr. Accinno to do, nor was there anything he could do, or did do after October 29.
The State contends that the act of voting cannot be complete until the vote is tallied. Of course the tallying is not an action which the voter performs, but an action which voting officials, on behalf of the government, perform after all of the votes have been deposited. The parties question the definition of the word open "voting" in their memoranda. This Court looks to the plain language of the statute. Mr. Accinno was charged with the violation of 17-23-4 which states
 Every person who any election shall fraudulently vote or attempt to vote not being qualified, not with stating that person's name may be on the voting list at the polling place where the person shall vote or attempt to vote, or who shall vote or attempt to vote in the name of some other person, whether that name is that of a person living or dead, or of a fictitious person, or having voted in one town, ward, senatorial district, or representative district, or voting district, whether the person's vote in such a case was legal or not, shall vote or attempt to vote in another town, ward, senatorial district, or representative district, or voting district, or who shall fraudulently vote or attempt to vote in the town, ward, senatorial district, representative district, or voting district other than in the town, ward, senatorial district, or representative district, or voting district wherein the person has his or her "residence," as defined in § 17-1-3.1, at the time of his or her voting or attempting to vote; or who shall aide, counsel or procure any other person to so vote or attempt to vote, shall be guilty of a felony, and no person after conviction of such an offense shall be permitted to vote in any election or upon any proposition pending before the people, or to hold any public office. Voting, for the purposes of this chapter, shall consist of the casting of a vote, or the attempting to cast a vote, whether the vote has been cast or not. 17-23-4. (emphasis added).
The plain language of the statute indicates that the act of voting and the marking and submitting of the ballot by the elector, as opposed to (the casting of a vote) as opposed to the actual tallying of the vote.
The State finally alleges the requirement that the vote be tallied or counted on Election Day is an element of the statute. Indeed, the statute does not reference the act of tallying of the vote and includes even the mere attempting to vote fraudulently as a felony. There is no requirement that the vote be tallied; hence, it is not an element of the crime.
 Conclusion
The State failed to bring this action within the requisite one year statute of limitations. Accordingly, defendant's motion to dismiss is granted.
[1] As Rhode Island has recently employed computerized voting, this process can sometimes take place within a few hours.